**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILDGRASS OIL AND GAS
COMMITTEE,

     Plaintiff - Appellant

v.

STATE OF COLORADO; JARED S.
POLIS, in his official capacity as Governor
of the State of Colorado; COLORADO
OIL AND GAS CONSERVATION
COMMISSION; JEFFREY ROBBINS, in
his official capacity as Director of the
Colorado Oil and Gas Conservation
Commission,

     Defendants - Appellees,

and

AMERICAN PETROLEUM INSTITUTE;
COLORADO OIL AND GAS
ASSOCIATION,

     Intervenors - Appellees.

No. 20-1151
(D.C. No. 1:19-CV-00190-RBJ-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The Wildgrass Oil and Gas Committee ("Wildgrass") appeals the district court's dismissal of its federal procedural due process claim under the <u>Burford</u> abstention doctrine. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

This appeal arises from Wildgrass' challenge to the Colorado Oil and Gas Conservation Commission's (the "Commission") proceeding granting Extraction Oil & Gas, Inc.'s ("Extraction") application to pool mineral interests owned by Wildgrass members for the purpose of extraction. Wildgrass is a committee formed by residents of the Wildgrass residential subdivision of Broomfield, Colorado. In July 2018, Wildgrass members received lease offers from Extraction for access to minerals on their property. When Wildgrass members did not consent to the lease, Extraction filed an application with the Commission asking for a pooling order, which requires individuals to lease their mineral interests if the Commission determines that the leasing offer is "reasonable" based on the following criteria: "(A) Date of lease and primary term or offer with acreage in lease; (B) Annual rental per acre; (C) Bonus payment or evidence of its non-availability; (D) Mineral interest royalty; and (E) Such other lease terms as may be relevant." Rule 506(c)(3), 2 C.C.R. § 404-1.[1] Wildgrass objected, and the Commission set a hearing on the pooling application.

---

[1] During the events at issue, the Rule was numbered 530(c)(2), but it was recently amended to Rule 506(c)(3). The criteria provided in the rule were not changed by the amendment.

2

Before the hearing, Wildgrass filed a complaint for a temporary restraining order and injunction in federal district court, arguing that C.R.S. § 34-60-116, which authorizes forced pooling, violates the Privileges and Immunities Clause, the First Amendment, the Contract Clause, and the Due Process Clause. It asked the court to enjoin the Commission from entering the pooling order and for a declaratory judgment declaring the statute unconstitutional. The district court denied injunctive relief as unripe but asked the Commission to consider all the issues raised by Wildgrass in a hearing.

The Commission complied and set a date for a hearing considering whether Extraction made a "reasonable offer" for Wildgrass members' mineral interests. Before the hearing, Wildgrass was permitted to serve twenty interrogatories, twenty requests for production, and twenty requests for admission. The Commission granted many of Wildgrass' requests but did not allow Wildgrass access to all internal documents concerning Extraction's financial condition or information on all lease offers made by Extraction within a twenty-five-square-mile radius of the drilling unit and did not allow Wildgrass to introduce certain evidence of Extraction's history of accidents.

At the hearing on the pooling application, Extraction and Wildgrass were each given an hour and fifteen minutes to present their cases, which included the introduction of evidence and the presentation and cross-examination of fact and expert witnesses. After carefully considering the evidence presented, the Commission approved the pooling application, finding the leasing terms reasonable.

3

Wildgrass then amended its complaint in district court, adding a procedural due process claim concerning the events at the hearing. As relevant to this appeal, Wildgrass argued that the Commission failed to grant it sufficient time to present its case, erroneously denied several discovery requests, failed to state what information it would consider in determining whether the leasing terms were reasonable under Rule 506(c)(3)(E), and did not provide a meaningful opportunity for Wildgrass to be heard on issues pertaining to health, safety and wellness concerns, and environmental and financial protections.

The defendants filed a motion to dismiss based in part on the <u>Burford</u> abstention doctrine. The court granted the motion and dismissed the procedural due process claim under <u>Burford</u> and the other claims on the merits. Wildgrass only appeals the dismissal of the due process claim under <u>Burford</u>.

## II

A district court's decision to abstain under <u>Burford</u> is reviewed for abuse of discretion. <u>Marshall v. El Paso Nat. Gas Co.</u>, 874 F.2d 1373, 1377 (10th Cir. 1989). A court abuses its discretion when its decision "is arbitrary, capricious, whimsical, or manifestly unreasonable." <u>United States v. Durham</u>, 902 F.3d 1180, 1236 (10th Cir. 2018) (quotation omitted).

Under the <u>Burford</u> abstention doctrine, federal courts must decline to interfere with the proceedings of state administrative agencies when the court is sitting in equity, timely and adequate state-court review is available, and either "there are difficult questions of state law bearing on policy problems of substantial public

4

import whose importance transcends the result in the case then at bar" or "the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 361 (1989) (quotation omitted).

The district court did not abuse its discretion in holding that each of these requirements was met. Wildgrass sought declaratory and injunctive relief, thus the district court was sitting in equity. Timely and adequate state court review of the Commission's decision was available to Wildgrass under Colorado's Administrative Procedure Act. Though Wildgrass brought a federal claim, state courts are fully equipped to review the constitutionality of a state agency's procedures. See Burford v. Sun Oil Co., 319 U.S. 315, 325-27 (1943) (emphasizing Texas state courts' specialized knowledge over Texas' oil and gas regulatory regime in directing the district court to abstain from resolving a federal due process claim).

Additionally, the district court did not abuse its discretion in holding that federal review of the procedural issues presented risked "disrupt[ing] [] state efforts to establish a coherent policy with respect to a matter of substantial public concern." New Orleans Pub. Serv., 491 U.S. at 361 (quotation omitted). The Supreme Court has noted the risk of disruption in cases involving procedural challenges to whether a state agency "misapplied its lawful authority." Id. at 362. For example, in Burford itself, the Court considered a challenge to whether the Texas Railroad Commission properly applied Texas' complex oil and gas regulations in granting a permit to drill

5

four wells. 319 U.S. at 323-24. The Court directed the district court to abstain from deciding the procedural issue, noting that the plaintiff failed to exhaust state court review; Texas' regulations concerning well permits, spacing, and drilling addressed public policy problems of substantial import; and Texas had created a system of judicial review that permitted state courts and the railroad system "to acquire a specialized knowledge." Id. at 327.

As in Burford, Wildgrass has not exhausted state court remedies for its procedural due process claim, and it likewise challenges whether a state agency charged with regulating oil and gas properly applied its governing statute. Wildgrass' procedural challenges also raise important questions of state law, including whether the Commission must consider information pertaining to the environment, public health, and the operator's financial condition in pooling hearings under C.R.S. § 34-60-116. Resolving this case therefore risks creating "needless friction with state policies" and disrupting the Commission's longstanding methods of applying its own statute. Id. at 332 (quotation omitted). Under these circumstances, we cannot say the district court abused its discretion.

## III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

Appellant's motion to dismiss intervenor-appellees American Petroleum Institute and Colorado Oil and Gas Association is **DENIED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge